UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GARY VAN MIDDE &**
**THERISSA VAN MIDDE**
Plaintiffs,                                              Case No. 21-cv-

DEMAND FOR JURY TRIAL
Fed.R.Civ.P.38(b)(1)

v

**WAYD DUANE GORBY,**
Defendant

---

Lyle Andrew Peck (P34259)
PECK & ASSOCIATES
Attorney for Plaintiffs
430 E. Lake Street
Petoskey, MI.  49770
Email: lyleandrewpeck@gmail.com
_____

# FIRST CIVIL COMPLAINT

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Plaintiffs GARY VAN MIDDE and THERISSA VAN MIDDE husband and wife, acting by and through their Attorney, Peck & Associates, by Lyle Andrew Peck, files this First Civil  Complaint against WAYD DUANE GORBY and for their cause of action would respectfully show the Court as follows:

**JURISDICTION AND VENUE**

1. This civil action brought by GARY VAN MIDDE and THERISSA VAN MIDDE husband and wife, is pursuant to subject matter jurisdiction based on diversity of citizenship and the amount in controversy, which exceeds the sum of $75,000.00 U.S. exclusive of interest and costs. 28 U.S.C.A. 1332.

2. Venue of this suit lies in the Southern Division Federal District Court for Western Michigan pursuant to 28 U.S.C.A.§ 1391

## THE PARTIES

3. The Plaintiffs GARY VAN MIDDE and THERISSA VAN MIDDE husband and wife, are citizens of Canada, residing in Goulais River, Ontario, District of Algoma, Ontario, Canada and was, at all material times, the driver and passenger in a 2017 Honda vehicle bearing Ontario Licence Plates ("the Van Midde vehicle"), which was owned and lawfully driven by Gary Van Midde on June 9, 2018.

4. The Plaintiff Therissa Jean Van Midde resides with her husband in Goulais River, Ontario, District of Algoma, Ontario, Canada and was, at all material times, the loving wife of Gary Alan Van Midde.

5. The Defendant WAYD DUANE GORBY was, at all material times, residing in the City of Allegan in the State of Michigan and was

2

the owner and operator of a 2011 Chevrolet Cruze bearing Michigan Licence Plates.

6. The Plaintiffs states that, on or about June 9, 2018 at approximately 9:11 a.m., Gary Van Midde was the driver in the Van Midde vehicle travelling in a southerly direction on US 131 in Kent County Michigan. At the very same time, the Defendant's car was travelling in excess of 70 mph at excessive speeds immediately ahead and in front of Plaintiff's vehicle, when Defendant lost control causing him to veer to his left crossing the left passing lane, then striking and bouncing off a concrete divider which caused him to turn back across the left and middle lanes immediately in front of the Plaintiff's vehicle resulting in the Plaintiff's vehicle impacting head-on with passenger side of Defendant's vehicle at highway speeds. The Plaintiffs were both transported to a Hospital via ambulance in Wyoming, Michigan in Kent County.

7. That this high-speed collision, with both vehicles travelling resulted in a catastrophic impact. That Defendant's vehicle went out of control, sliding sideways, impacting a cement guardrail embankment and bouncing back into the highway sideways causing an unavoidable significant and traumatic collision. Defendant Wayd

Duane Gorby was charged with Hazardous violation of basic speed law. The accident caused the Plaintiffs to sustain serious and permanent injuries that was proximately caused by the collision with the Defendant.

8. That the Van Midde vehicle impacted Defendant's vehicle forcefully gutting the front section of the Honda bending the frame causing the airbags to deploy.

9. Because of the accident, the both vehicles were highly damaged and written off. The Plaintiff's vehicle is depicted below following the traumatic collision.



**(Gary and Therissa Honda vehicle after impact)**

10. The Defendant's vehicle violently impacted the Plaintiff's vehicle.

11. The accident propelled both of the Plaintiffs who were belted occupants violently impacting their bodies combined with the

5

explosions of the airbags inside the interior of the vehicle. The impact and gyrations tossed the occupants abruptly causing spine and head/neck, shoulder to slam violently in counter directions.

13.  As a result of the accident, Gary sustained permanent severe and serious objective impairment of important physical, mental, and psychological functions, some particulars of which are as follows:

   a) MRI reflects objective central disc bulge at the C5 – 6 level with left paracentral and posterior lateral disc protrusion.);

   b) hands are numb with little to no feeling;

   c) pain radiating down shoulders to elbows;

   d) Bilateral arm / hand / finger numbness and tingling;

   e) neck pain and associated migraines;

   f) grinding sound in neck and pain;

   g) Emotional difficulties, sadness, distress and stress on marriage;

   h) Sleep disturbances and fatigue;

   i) Pain shooting pain through shoulders and arms;

   j) Grief as the trip on US 131 was to attend Gary's mother's funeral and instead both he and wife transported to Metropolitan Hospital.

14.  As a result of the accident, Therissa sustained permanent severe and serious objective impairment of important physical, mental, and psychological functions, some particulars of which are as follows:

    a) MRI reflects right shoulder impingement partial articular tear and aggravation to the acromioclavicular joint. The shoulder impingement is at the top outer edge of the acromion rubbing against and impinging on the rotator cuff muscles, causing pain and irritation.

    b) The objective injury in a) above involves pain in all kinds of movements the right shoulder and arm.

    c)  The objective impairments affect decreased ability to normal household activities, including vacuuming, washing, and general household duties as well as self-grooming.

    d)  the objective impairments limit the amount of activity Therissa can participate in.

e)  tail bone/Coccyx impairment; cannot sit or ride vehicles or ride a bike; only sit on chair with cushion, sitting after 10 minutes Therissa is sore and 15-20 minutes results in real pain.

f)  no longer sit in prolonged situations, has obliterated Therissa ability to ride a bike or sit in canoe as once was so

7

enjoying to do;

g) embarrassment to bring cushion to sit everywhere

h) no longer enjoy outdoor activities such as four-wheeler rides.

15. Gary and Therissa has sustained severe permanent, total, or partial disability and has suffered, is suffering, and will continue to suffer severe and extreme pain on a daily basis for the remainder of their lives. The Plaintiffs will require therapy, counselling, and pain-relieving medication for the foreseeable future, which will only provide temporary relief from the various injuries and pain that the Plaintiffs are constantly subject to on a daily basis.  Furthermore, both suffer from severe frustration because of the limitations that the injuries have placed upon them and their inability to engage in normal recreational, social, personal and work activities.

16. The Plaintiffs will more than likely develop other difficulties, such as premature arthritis, in their injured areas, which will subject them to further pain and disability in the future.

15. The Plaintiffs have sustained a reduction of their quality of life and enjoyment of life because of Gary's on-going pain and

8

restrictions that the injuries have placed upon him. The Plaintiffs have suffered loss and diminution of enjoyment of life and of the amenities of life. The Plaintiffs were active prior to the accident and, because of the seriousness of injuries, they have been unable to participate in many of the usual household activities and hobbies to same degree and enthusiasm before without pain.

17. The Plaintiffs have sustained a loss of housekeeping/home maintenance capacity in that they are unable to engage in their usual housekeeping and home maintenance tasks. The Plaintiffs have suffered a significant impingement of daily functioning in that Gary and Therissa are having a great deal of difficulty with or is unable to participate in completing the normal daily activities of daily living.

18. At the time of the accident, Gary was a hard-working electrician with 20+ years of experience who works with his hands every day. The accident has a direct and major impact on his employment opportunities and family and he is now a less marketable individual, having suffered a loss of competitiveness in the labor market. Gary's working capacity has been greatly diminished and he is now a marginal worker. His job opportunities

have been severely impaired and he has sustained a loss of competitive advantage, and marketability.

19. The Plaintiffs hereby claim past, present, and future health care, attendant care, caregiver, and other costs and expenses which as of yet have not been ascertained, full particulars of which will be provided for at trial.

20. As a result of the Defendant's gross negligence, the Plaintiffs has incurred and will continue to incur various special damages, including but not limited to loss of income, medical, hospital, and other out-of-pocket expenses, the full particulars of which proven at trial.

21. The Defendant driving at excessive speeds on US 131 South was cited with driving too fast for conditions and is negligence per se.

22. The Plaintiffs states that the collision arose solely and proximately from the direct gross negligence of the Defendant, travelling at an excessive rate of speed on the road; the particulars of such negligence include, but are not limited to:

  a) He failed to have his motor vehicle under proper control;
  b) He was not keeping a proper lookout;

c) He failed to apply his brakes or, in the alternative, he failed to apply his brakes in a manner calculated to avoid a collision or, in the alternative, his brakes were defective;

d) He was driving without due care and attention contrary to the Highway Driving Laws of Michigan and amendments thereto;

e) He was an incompetent driver lacking in reasonable skill and ability and ought not to have attempted to operate his motor vehicle on the occasion in question;

f) He failed to take any steps to avoid a collision which he knew or ought to have known was about to occur;

g) He created an emergency and a situation of danger;

h) He had the last clear chance to avoid a collision and failed to take advantage of it;

i) On the occasion in question, he was an incompetent operator lacking in reasonable skill and self-command and ought not to have attempted to operate the vehicle;

j) He failed to pay proper and adequate attention to the roadway and other vehicles and as such failed to institute appropriate defensive measures given the condition of the roadway and/or the actions of other drivers prior to the collision in general;

k) He was dialing, texting, or talking on a cellular telephone just before while speeding or was otherwise distracted by the GPS or other equipment.

l) He failed to exercise due care and skill in the management of the motor vehicle, given the day the accident occurred;

m) He allowed himself to be distracted when the accident occurred;

n) He was travelling in the wrong direction on the said highway, thereby causing the collision between the two vehicles.

**23.** The Plaintiffs claim damages against the Defendant's Estate for the following:

a) Damages for pain and suffering, loss of enjoyment of life, loss of amenities, psychological damage, mental distress, and emotional turmoil in the amount of $500,000.00;

b) Damages for loss of income, competitive advantage, and loss of earning capacity;

c) Other pecuniary damages, including but not limited to past, present, and future health care, attendant care, caregiver, and other costs and expenses which may flow from the collision and the injuries and which have not yet become apparent to the Plaintiff;

d) Damages for loss of housekeeping/home maintenance capacity in the amount of $200,000.00;

e) Special damages, amounting to all medical, hospital, and other out-of-pocket expenses incurred to the date of judgment;

f) Substantial indemnity costs or, in the alternative, partial indemnity costs;

g) Pre-judgment and post-judgment interest;

h) Such further and other relief as to this Honorable Court may deem just and proper.

**24.** Prior to this accident, Plaintiffs past medical history did not reflect any serious or disabling injuries. They were both young and had no significant physical complaints and fully employed and functional for over 20 years.

25. The Plaintiff claims declaratory relief from the court as to the Liability of Defendant leaving damages as the sole issue before the jury or court.

## LOSS OF CONSORTIUM

27. Plaintiffs repeat and allege each and every allegation in paragraphs "1"through-"26" with the same force and effect as though fully set forth herein.

28. At the time of the accident complained of in the Plaintiffs' Complaint, the Plaintiffs were married and that the Plaintiffs continue to be married and were young and healthy people.

29. That as a result of the wrongful and negligent acts of the Defendant, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

30. That all the injuries and damages are solely and proximately caused by the negligence of the Defendant.

WHEREFORE, the Plaintiffs jointly as husband and wife, demand judgment against the Defendant, jointly and severally, in the amount of SIX HUNDRED FIFTY THOUSAND DOLLARS ($650,000.00), plus costs, pre-judgment interest, post judgment interest, and any

other costs this court deems appropriate.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court (a) enter a judgment in favor of the Plaintiffs and against the Defendant for lost, future and diminution in the future wages, (b) award the Plaintiff general damages for physical, emotional and mental pain and suffering, (c) grant Plaintiffs such additional relief as the Court deems just and equitable, (d) for other damages to that the Court finds plaintiff is entitled, and for such interest, costs, and counsel fees as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs/Victims demand trial by jury of all issues so triable.

Date: June 8, 2021

Respectfully submitted,

/s/*Lyle Andrew Peck*
LYLE ANDREW PECK, ESQ.
PECK & ASSOCIATES
Attorneys & Counselors
430 E. Lake Street
Petoskey, MI. 49770
PH (231) 487 0788
Email: lyleandrewpeck@gmail.com